**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

**TEKEVA D. SHAW,**

**Plaintiff,**

**v.** **No. 2:25-cv-02368-SHL-cgc**

**RETZER LLC,**

**Defendant.**

---

## REPORT AND RECOMENDATION

---

Before the Court, by way of Administrative Order 2013-05[1], is the Motion to Dismiss filed on April 3, 2026 by Defendant Retzer. LLC. (D.E. # 10) Local Rule 12.1 provides that "[a] party opposing a motion to dismiss must file a response within 28 days after the motion is served." To date, Plaintiff has not filed a response to the motion.

On July 6, 2026, an order to show cause (D.E. # 11) was entered directing Plaintiff to show cause prior to the close of business on July 20, 2026 as to why the Court should not grant Defendant's Motion to Dismiss. To date, no response to the Order to Show Cause has been filed. Plaintiff was cautioned that a failure to respond would result in a recommendation of dismissal of the case for failure to prosecute. (D.E. # 11, PageID 47) The Order to Show Cause was served

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

on Plaintiff by Certified Mail, return receipt requested. On July 16, 2026, the Order to Show Cause was returned as undeliverable. (D.E. # 12) The letter, which was mailed to the address provided by Plaintiff, was returned to sender as "vacant unable to forward". (D.E. # 12, PageID 50) In the Order to Issue and Effect Service of Process (D.E. # 7) Plaintiff was ordered to "promptly notify the Clerk in writing of any change of address" and that a "failure to comply with [this] requirement, or any other order of the Court, may result in dismissal of this case without further notice." (D.E. # 7, PageID 16)

If a plaintiff fails properly to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket, or involuntarily under Fed.R.Civ.P. 41(b). *Link v. Wabash R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399 (5th Cir.1985). The Sixth Circuit has held that dismissal for failure to prosecute is warranted where the Court affords a plaintiff a reasonable period of time to comply with orders before the dismissal occurs, see *Harris v. Callwood*, 844 F.2d 1254 (6th Cir.1988); *Sepia Enterprises, Inc. v. City of Toledo*, 462 F.2d 1315 (6th Cir.1972) (per curiam).

In determining whether to dismiss a complaint for failure to prosecute, the Court generally looks to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir.1999). Typically, none of the factors is outcome dispositive, and dismissal is entrusted to the discretion of the Court. *Id*. It is recommended that the first factor is met as it is Plaintiff's fault for not prosecuting her case.

There has been no meaningful activity by Plaintiff since she filed the Complaint on March 31, 2025. The Defendant has been prejudiced in that it has taken steps to further the case despite plaintiff's inaction. As to the third and fourth factors, it is recommended that they weigh heavily against the Plaintiff. The Motion to Dismiss and Order to Show Cause made it clear that dismissal of the case was under consideration by the Court. Plaintiff has ignored the Court's order and has failed to meaningfully participate in the case. Dismissal is appropriate pursuant to the Court's inherent power to control its docket.

Accordingly, it is RECOMMENDED that the Plaintiff's Complaint against Defendant Retzer LLC be involuntarily dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) and the Court's inherent power and that the Motion to Dismiss be DENIED AS MOOT.

Signed this 13th day of October, 2026.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**