**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| TEKEVA D. SHAW,<br>Plaintiffs,<br>v.<br><br>RETZER, LLC,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:25-cv-02368-SHL-cgc |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT WITH PREJUDICE**

Before the Court is Magistrate Judge Charmiane G. Claxton's Report and Recommendation ("R&R"), filed October 13, 2026. (ECF No. 13.) In the R&R, the Magistrate Judge recommends that the Court dismiss Plaintiff Tekeva D. Shaw's pro se complaint for failure to prosecute.

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for dismissal of a complaint for failure to state a claim. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1) (2017). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiffs' deadline to object to the R&R was October 27, 2026, and no objections have been filed. The Court has therefore reviewed the R&R in its entirety for clear error and finds none. The R&R properly explains that "[t]here has been no meaningful activity by Plaintiff

since she filed the Complaint on March 31, 2025." (ECF No. 13 at PageID 54.) In fact, Shaw failed to respond to Retzer's Motion to Dismiss, even after she was ordered to show cause as to why the Magistrate Judge should not grant the motion. Shaw was warned that a failure to respond to the show cause order would result in a recommendation that the case be dismissed for failure to prosecute. (Id. at PageID 52.)

Magistrate Judge Claxton accurately summarized the applicable law that courts consider when determining whether to dismiss a complaint for failure to prosecute, and explained why Shaw's actions here, or, more accurately, her inactions, warrant dismissing her complaint pursuant to the Court's inherent power and under Federal Rule of Civil Procedure 41(b).

Magistrate Judge Claxton also noted that the Order to Show Cause was returned as undeliverable, and returned to sender as "vacant unable to forward." (Id. at PageID 53.)[1] As Magistrate Judge Claxton explained in the R&R, when she previously entered an order granting Shaw leave to proceed in forma pauperis, she explained that "Plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice." (ECF No. 7 at PageID 16.) In other words, to the extent that Shaw has not received documents in this case because she did not notify the Court of her change of address, she was warned that such a failure may result in her case being dismissed.

Therefore, finding no clear error, the Court **ADOPTS** the Magistrate Judge's R&R and **DISMISSES** the Complaint **WITH PREJUDICE**.[2]

---

[1] The R&R was also later returned as not deliverable as addressed and unable to forward. (ECF No. 14.)

[2] Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the

**IT IS SO ORDERED,** this 30th day of October, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule . . . operates as an adjudication on the merits."